### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **ALLISON LYNN TYNDALL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 1:14-00600** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be denied.

### FACT AND PROCEDURE

On January 28, 2013, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of "Conspiracy to Manufacture, Distribute, Dispense, and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine," in violation of 21 U.S.C. § 846. United States v. Tyndall, Case No. 5:12-cr-00105 (E.D.N.C. May 14, 2013), Document No. 96. On May 14, 2013, the District

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court sentenced Petitioner to a 60 month term of imprisonment to be followed by a fifteen year term of supervised release. Id., Document No. 130. The District Court also imposed an $100 special assessment and imposed restitution in the amount of $5,506.50. Id. The District Court directed that "All monies are due in full immediately. If not paid in full, these monies may be paid through the Inmate Financial Responsibility Program." Id. On November 18, 2013, Petitioner filed a Motion to Amend Judgment requesting relief from her restitution payments. Id., Document No. 158. By Order entered on November 21, 2013, the District Court denied Petitioner's Motion. Id., Document No. 159. On November 22, 2014, Petitioner filed a Motion to Reduce Sentence based upon the 2014 retroactive amendments to the drug guidelines. Id., Document No. 163. By Order entered on January 8, 2015, the Court granted Petitioner's Motion and reduced her sentence to 48 months. Id., Document No. 164.

On January 6, 2014, Petitioner, acting *pro se* and incarcerated at FPC Alderson, located in Alderson, West Virginia, filed her instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) In her Petition, Petitioner alleges that the BOP is improperly collecting restitution payments from Petitioner through the Inmate Financial Responsibility Program [IFRP] because the Sentencing Court did not set a schedule of payments. (Document No. 1.) Specifically, Petitioner argues that "the court erred by delegating to the U.S. Bureau of Prisons IFRP authority to establish the amount and timing of the fine payment." (Id.) Petitioner claims that her "Court-ordered payment schedule improperly afforded the Bureau of Prisons discretion to establish payment amounts." (Id.) Petitioner explains that the Sentencing Court ordered Petitioner to pay restitution in the amount of $5,506.50. (Id.) Petitioner states that the Judgment Order directed that "[a]ll monies are due in full immediately. If not paid in

full these monies may be paid through the Inmate Financial Program." (Id.) Petitioner argues that the foregoing improperly afforded the BOP discretion to establish payment amounts. (Id.) Citing United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005), Petitioner complains that the Sentencing Court erred by merely ordering that her restitution payment was "due immediately" without setting a schedule for payments. (Id.) Petitioner contends that "[u]nder 18 U.S.C. § 3664(f)(2) the district judge must consider the defendant's ability to pay when ordering restitution, [and] if the defendant is unable to pay immediately, the judge cannot simply order 'immediate' payment, as is here, and leave it to the BOP to figure out what the actual payment schedule will be." (Id.) Petitioner argues that Section 3664 "requires that the district court set a schedule in consideration of the defendant's financial resources." (Id.) Therefore, Petitioner requests that the Court (1) "grant [her] Motion to Establish Schedule of Restitution Payment pursuant to 18 U.S.C. § 3664," and (2) "Order the standard payment of $25.00 quarterly under 28 C.F.R. § 5454.11(b)(11)." (Id.)

## ANALYSIS

Petitioner alleges that the BOP is improperly attempting to collect restitution payments through the IFRP because the Sentencing Court did not set a schedule of payments. Citing United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005) ["Gunning II"], Petitioner contends that the BOP cannot collect restitution payments based upon the Sentencing Court's determination that payment was "due immediately." In Gunning II, the Ninth Circuit held that "the district court must determine the restitution payment schedule." Gunning II, 401 F.3d at 1150. Specifically, the Ninth Circuit determined that the District Court impermissibly delegated its authority to set a payment schedule to the BOP by ordering that restitution was "payable immediately, but with the unpaid amount to be paid . . . during the time of his imprisonment, it was to be paid through the BOP Inmate Financial

3

Responsibility Program." Id. In Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), the Ninth Circuit held that "if the defendant is unable to pay restitution immediately, the court cannot simply order 'immediate' repayment and leave the details of the actual payment schedule to the BOP." Ward, 678 F.3d at 1052. Specifically, the Ninth Circuit determined that the District Court's order that defendant's restitution was due and payable immediately, without setting forth a proper payment schedule, was unlawful and the BOP lacked authority to collect restitution payments through IFRP. Id.

Based upon Gunning II and Ward, the BOP lacks authority to collect restitution payments from a petitioner incarcerated in the Ninth Circuit unless the restitution order sets forth a payment schedule. See Willis v. Apker, 2014 WL 4954457, * 1 (D.Ariz. Sep. 30, 2014)("In the Ninth Circuit, 'the BOP lacks the authority to collect restitution payments from the petitioner unless the petitioner's restitution order sets forth a payment schedule"); Quinonez v. McGrew, 2014 WL 7014091, * 4 (C.D.Cal. Oct. 23, 2014)(noting that "following *Ward* the BOP issued a notice to all inmates housed in the Ninth Circuit that they could request review of restitution orders without a court-ordered payment schedule"). Gunning II and Ward, however, are non-binding authority within this District. The undersigned further notes that Petitioner was convicted within the Fourth Circuit and is currently incarcerated within the Fourth Circuit.[2] Similar to the Ninth Circuit, the Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to set the amount and time of restitution payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). The Fourth Circuit, however, has recognized that when the

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently placed at Raleigh RRM and has a projected release date of January 31, 2016.

4

Sentencing Court orders that payment is due immediately, the Sentencing Court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. Coleman v. Brooks, 133 Fed.Appx. 51, 53 (4th Cir. 2005). In the instant case, the Sentencing Court ordered that the payment of Petitioner's total criminal monetary penalties were "due in full immediately." Tyndall, Case No. 5:12-cr-00105, Document No. 130, p. 6. Thus, the BOP established a payment schedule for Petitioner under IFRP. The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by Court order.[3] See 28 C.F.R. § 545.10-545.11. See Webb v. Hamidullah, 2006 WL 1946441 (D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the Courts. See United States v. Watkins, 161 Fed.Appx. 337 (4th Cir. 2006); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to

---

[3] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). Therefore, Petitioner's claim that the BOP is improperly attempting to collect restitution payments from Petitioner through IFRP because the Sentencing Court did not set a schedule of payments is without merit.

To the extent Petitioner is contending that the BOP's use of IFRP is violating her due process right, the undersigned finds her claim to be without merit. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. Id.; also see Cupp v. Reed, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Finally, Petitioner appears to seek modification of her restitution order pursuant to 18 U.S.C. § 3664(k). In support, Petitioner appears to argue that her financial circumstances have changed and she is financially unable to make a restitution payment. Section 3664(k) provides that upon notification of any material change in the defendant's economic circumstances, the Sentencing Court may modify a defendant's restitution order "to adjust a payment schedule, or require immediate payment in full." 18 U.S.C. § 3664(k). First, the undersigned notes that Petitioner was sentenced in the Eastern District of North Carolina. Next, Section 3664(k) may not be used to modify or suspend

restitution payments made through the IFRP. See United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009)(noting that petitioner was not challenging the payment schedule established by the sentencing court, but was opposing his scheduled payment under IFRP); Snyder v. Butler, 2014 WL 3565984 * 5 (S.D.W.Va. June 11, 2014)("Section 3664(k) cannot be used to modify or suspend restitution payments made through the IFRP"). Accordingly, this Court has no authority to grant relief pursuant to Section 3664(k). Based on the foregoing, the undersigned finds that Petitioner's Petition should be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 28, 2015.

R. Clarke VanDervort
United States Magistrate Judge